UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                              )
                                    )
Margaret Mary Bartch                )
and Michael Scott Bartch,           )    Case No. 09-80623C-13D
                                    )
        Debtors.                    )
                                    )

MEMORANDUM OPINION

This chapter 13 case came before the court on October 8, 2009, for hearing on the Debtors' objection to the proof of claim filed on behalf of Wells Fargo Bank, NA. Edward C. Boltz appeared on behalf of the Debtors and Sean M. Corcoran appeared on behalf of Wells Fargo Bank, NA ("Wells Fargo"). Having considered the proof of claim, the objection, the record before the court and the briefs and argument submitted by the attorneys for the parties, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which this court may hear and determine.

FACTS

The Debtors own a dwelling located at 207 Buckeye Drive, Raeford, North Carolina, where they reside. The property is subject to a deed of trust that secures a promissory note held by Wells Fargo, both of which were executed in August of 2006. The promissory note is in the original amount of $75,200 and is payable in monthly installments that began at $584.90 per month.

In October of 2008, the Debtors defaulted in making the payments required under the promissory note and Wells Fargo accelerated the unpaid balance due under the promissory note, which ultimately led to the filing of this case on March 31, 2009.

A plan of reorganization was confirmed in this case on July 28, 2009. Under the confirmation order, the Debtors retain the Buckeye Drive property and Wells Fargo is to receive the regular monthly payment plus an additional $211 per month until the arrearage under the Wells Fargo note has been cured.

Wells Fargo filed its proof of claim on April 23, 2009. The proof of claim includes a claim for arrearage of $11,207.64. The proof of claim clearly reflects that the arrearage includes $350.00 for legal services rendered during the period between the filing of the petition and the confirmation of Debtors' plan of reorganization. On June 9, 2009, the Debtors filed an objection to the Wells Fargo proof of claim objecting to the inclusion of the attorneys' fee in the claim.

The issues raised by the objection are: (1) whether Wells Fargo may claim an attorneys' fee without first filing a separate fee application and obtaining an order allowing the fee; (2) whether the language of the Wells Fargo note and deed of trust provide for the recovery of attorneys' fees under the facts of this case; and (3) if so, whether Wells Fargo may recover an attorneys' fee without establishing that it is oversecured. The Debtors contend that all of these issues should be answered in the negative.

ANALYSIS

1. Was it permissible for Wells Fargo to assert its claim for post-petition/ pre-confirmation attorneys' fees in a proof of claim rather than by filing a Rule 2016 fee application?

In dealing with the above issue, the court will begin by reviewing the context in which the issue arises, <u>i.e.</u>, in a case in which a chapter 13 debtor is seeking to cure a mortgage arrearage and the secured creditor is seeking to include in the cure amount an attorneys' fee incurred by the creditor during the period between the petition date and the date of confirmation. While the decisions regarding this issue are divided[1], this court concludes that in the context presented by this case, a creditor should be

---

[1] <u>See</u>, <u>e.g.</u>, <u>In re Atwood</u>, 293 B.R. 227, 231-32 (9th Cir. B.A.P. 2003); <u>In re Powe</u>, 281 B.R. 336, 345-48 (Bankr. S.D. Ala. 2001)(attorney fee in proof of claim approved); <u>In re Gifford</u>, 256 B.R. 661, 662 (Bankr. D. Conn. 2000); <u>In re Tate</u>, 253 B.R. 653, 664-66 (Bankr. W.D.N.C. 2000)(contra).

permitted to assert its claim for post-petition/pre-confirmation attorney fees by including such fees in its proof of claim provided that the proof of claim discloses the inclusion of such attorneys' fees in a manner that discloses the amount of the attorneys' fee included in the claim as a separate item, identifies such fee as a post-petition/pre-confirmation fee and provides a description of the services provided by the attorney, and a copy of the proof of claim is served on the debtor's attorney.  When the attorneys' fee is included in a proof of claim in this manner, the debtor or any other party with standing may object to the allowance of the attorneys' fee, in which event any issues raised regarding the fee can be addressed by the court.  Absent an objection, however, the claim will be deemed allowed.  11 U.S.C. § 502(a).  This procedure, of course, is not exclusive and creditors may seek attorneys' fees by filing an application pursuant to Rule 2016 if they choose to do so.

> 2. Do the Wells Fargo loan documents provide for the recovery of an attorneys' fee in this case?

The loan documents relied upon by Wells Fargo in support of its claim for an attorneys' fee are the promissory note and deed of trust executed by the Debtors.  Specifically, Wells Fargo relies upon the following provision in the promissory note:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay

> immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
>
> ***
>
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Under the foregoing provisions, Wells Fargo is entitled to recover its attorneys' fee if (a) Wells Fargo exercised its right to accelerate the note, and (b) the services for which the fee was charged constitute costs of enforcing the note not prohibited by applicable law. See In re Rangel, 408 B.R. 650, 671 (Bankr. S.D. Tex. 2009).

Both of the foregoing requirements have been satisfied in the present case. It is undisputed that Wells Fargo accelerated its note in accordance with the provisions in the note before this case was filed. Further, the court is satisfied that the fee charged for the services rendered by the outside attorneys employed by Wells Fargo constitute a cost of enforcing the note. The services were provided by a private attorney admitted to the regular practice of law in this district pursuant to a fee agreement under which the attorney provided specified services for a fixed fee of

$350.00.  The services provided by the attorney primarily consisted of reviewing relevant filings, account information and loan documents, preparing and filing an accurate proof of claim along with the required documentation, evaluation of the treatment of Wells Fargo's claim, contract rights and security interest under the proposed plan and monitoring the case through confirmation of the plan.  The initiation of a chapter 13 case poses a possible threat to the ability of a lender to collect amounts due under its note.  The filing of a proper proof of claim and other services performed in this case are services that preserve the creditor's ability to collect amounts due under the note through the chapter 13 plan and thus involve a cost of enforcing the note.

> 3. Is Wells Fargo entitled to recover an attorneys' fee without establishing that it is oversecured?

The Debtors do not dispute that Wells Fargo would be entitled to include a reasonable post-petition/pre-confirmation attorneys' fee as part of its arrearage claim if it were oversecured.  E.g., In re Boyd, 401 B.R. 137 (Bankr. D.N.J. 2008).  The Debtors argue, however, that unless Wells Fargo is oversecured it cannot include the attorneys' fee in its arrearage claim.  This argument is based upon the premise that section 506(b) of the Bankruptcy Code is determinative of whether an attorneys' fee may be recovered by Wells Fargo.  This premise fails to take into account section 1322(e) of the Bankruptcy Code which is applicable in this case

because under their plan, the Debtors are curing a pre-petition default that occurred with respect to the Wells Fargo indebtedness.[2]

Section 1322(e) provides:

> Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

Most courts have interpreted section 1322(e) as displacing section 506(b), and have concluded that when it is proposed in a chapter 13 plan to cure a default, section 1322(e) permits the recovery of post-petition fees, costs and interest to the extent provided by the contract between the parties and permitted by state law without regard to whether the creditor is oversecured. E.g., In re Plant, 288 B.R. 635 (Bankr. D. Mass. 2003); In re Taylor, No. 02-10695, 2003 WL 22282173 (Bankr. D. Vt. Oct. 1, 2003); In re Landrum, 267 B.R. 577 (Bankr. S.D. Ohio 2001); In re Lake, 245 B.R. 282 (Bankr. N.D. Ohio 2001). See also 2 Keith M. Lundin, Chapter 13 Bankruptcy, § 137.1, p. 137-2 and § 304.1, p. 304-17 (rev. 3d ed. 2007)(stating in § 137.1 that "Section 1322(e) permits undersecured creditors to claim postpetition fees, costs and

---

[2] Section 1322(e) is applicable to contracts entered after October 22, 1994, the effective date of section 1322(e). The Wells Fargo note and deed of trust are dated August 30, 2006, and thus are subject to section 1322(e).

interest to the extent provided by contract and not prohibited by state law when the contract hatched after October 22, 1994" and stating in § 304.1 "Notice that § 1322(e) controls attorney fees as a component of curing default with respect to all kinds of claims—oversecured, secured, undersecured or wholly unsecured"). Thus, Wells Fargo's claim for the post-petition/pre-confirmation attorneys' fee is not dependent upon Wells Fargo being oversecured.

The final matter to be addressed is the amount of the fee sought by Wells Fargo. As noted earlier, this case involves a flat fee arrangement under which the attorney agreed to perform specified services for a set fee of $350. Such a flat fee arrangement represents a bargain struck by the client and the attorney and, while the amount of the flat fee is binding upon those parties, it is not necessarily binding on a debtor or bankruptcy estate from whom reimbursement is sought pursuant to section 506(b) or section 1322(e). As between the party seeking reimbursement and the bankruptcy debtor or estate, the amount to be reimbursed is subject to applicable legal requirements. Under section 506(b) as well as North Carolina law, the fee to be awarded is subject to a reasonableness standard that may dictate an award that is less than the flat fee if the flat fee is excessive for the services provided by the attorney. The reimbursement that is available is reasonable compensation, taking into account relevant factors such as the nature of the services that were provided, the

time spent in performing such services, the usual rates for such services, whether the services were called for under the attendant circumstances and whether the services were performed within a reasonable amount of time. Where, as in the present case, there is an objection to an attorneys' fee that is included in a proof of claim, the applicant has the burden of establishing that the requested fee is reasonable and must address the factors that bear upon whether the amount of the requested fee is reasonable. See In re McGuier, 346 B.R. 151, 158 (Bankr. W.D. Pa. 2006); In re Gwyn, 150 B.R. 150, 154 (Bankr. M.D.N.C. 1993). This is true whether the fee was paid as a flat fee or determined on some other basis.

Based upon a consideration of the factors enumerated above, the court has concluded that the $350 fee requested in this case is reasonable and should be allowed. The services provided in this case included reviewing relevant filings, account information and loan documents, preparing and filing an accurate proof of claim along with the required documentation, evaluation of the treatment of Wells Fargo's claim, contract rights and security interest under the proposed plan and monitoring the case through confirmation of the plan, plus successfully defending the requested fee. The court is satisfied that in this case, these services warrant a fee of $350 taking into account the time required to perform such services and the rates of compensation normally charged for such services. However, this determination is based upon the particular

circumstances of this case and does not mean that a $350 fee will be approved in other cases in which post-petition/pre-confirmation fees are sought.

In accordance with the foregoing findings and conclusions, an order shall be entered pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, overruling the Debtors' objection and approving the $350 attorneys' fee sought by Wells Fargo.

This 16th day of November, 2009.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Sean M. Corcoran, Esq.
5121 Parkway Plaza Drive, Suite 300
Charlotte, NC 28217

Richard M. Hutson, II, Trustee